**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAVIER A. SALAZAR,

Defendant-Appellant.

No. 05-2083
(D.C. Nos. CIV-04-67-JP.LCS and
CR-00-1395 JP)
(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY,** and **HENRY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is an appeal under 28 U.S.C. § 2255. Appellant was charged with one

count of possession with intent to distribute less than five hundred grams of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)[C] and one count of possession of more than five hundred grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)[B]. The two counts stemmed from two separate interactions between Appellant and a confidential informant. Appellant admitted to all of the elements of each charge but advanced an entrapment defense. After the first day of trial, the jury reached an impasse in its deliberations. The following morning, the district court, without objection by either party, gave the jury an *Allen* instruction, and the jury returned to deliberating. *See Allen v. United States*, 164 U.S. 492, 501 (1896). Shortly after receiving the *Allen* charge, the jury asked for a more precise definition of "inducement," and the district court asked both parties to quickly find some examples of inducement in the case law. Before the research could be completed, however, the jury returned a verdict acquitting Appellant on the first count but convicting him on the second. Appellant was sentenced to forty-one months' imprisonment to be followed by three years of supervised release.

Following his conviction, Appellant appealed to this court arguing both that the *Allen* charge was coercive and that the failure to answer the jury's inquiry regarding inducement constituted plain and reversible error. *United States v. Salazar*, 57 F. App'x 800, 802 (10th Cir. 2003). Because neither of these claims were raised before the district court, we reviewed the record for plain error. *Id.*

In an unpublished opinion, we affirmed the district court's judgment. *Id.* at 803.

On January 23, 2004, Appellant timely filed a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255. In his motion, Appellant alleged that he was denied effective assistance of counsel and that the government's fee arrangements with the confidential informant constituted prosecutorial misconduct that violated Appellant's due process rights. After reviewing the record, the magistrate judge recommended that Appellant's motion be denied. The district court adopted the magistrate judge's report and recommendation and denied Appellant's motion. Finding no merit in Appellant's argument, the district court also denied Appellant's request for certificate of appealability. Appellant now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court.

To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, the magistrate judge's recommendation, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its Order of March 9, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We DENY Appellant's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge